Yachaazaqahla EL; Nashid El,

v.

GLOUCESTER TOWNSHIP; Gloucester Township Police Department; John Stollsteimer, Chief; S. Costa, CPL; Sgt. Fidler; Patrolman Coleman; Ptl. Benton; John Doe 1–5, fictitious names individually, jointly, severally and in the alternative (N.J.(Camden) Civil No. 02–cv–01444),

Nashid EL,

v.

GLOUCESTER TOWNSHIP; Gloucester Township Police Department; John Stollsteimer, Chief; S. Costa, CPL; Fidler, Sgt.; Coleman, Patrolman; Benton, PTL; John Doe, one through five, fictitious names individually, jointly, severally and in the alternative (N.J.(Camden) Civil No. 02–cv–01449) Yachaazaqahla El; Nashid El, Appellants.

to order a remand. Because, however, this decision should in the first instance be made

No. 04–1328.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Nov. 16, 2004.

Decided Dec. 1, 2004.

Ronald B. Thompson, Marlton, NJ, for Appellant.

by the District Court, we believe it is best that we do so.

Kimberly A. Jubanyik, Mintzer, Sarowitz, Zeris, Ledva & Meyers, Cherry Hill, NJ, for Appellee.

Before: ROTH, SMITH and WEIS, Circuit Judges.

## OPINION

WEIS, Circuit Judge.

Plaintiffs appeared before Judge Traposh in the Gloucester Township municipal court in March 2000. After a somewhat contentious hearing, plaintiffs and their friends left the courtroom muttering the words "judge," "shot," or "judge should be shot."

A witness present in the courtroom called this matter to the attention of police officers who interrogated plaintiffs in the courthouse. The officers also secured statements from a number of persons who had been present and heard all or part of the plaintiffs' remarks.

The police then secured arrest warrants and took plaintiffs into custody on charges that they had violated a New Jersey statute forbidding threatening a public servant with purposes to influence a decision in a judicial proceeding. N.J.S.A. 2C:27–3(a)(2).

Both plaintiffs were ultimately acquitted. They then filed suit in the United States District Court for the District of New Jersey against the police officers asserting nearly identical claims sounding in false arrest, imprisonment, assault and battery and malicious prosecution, as well as a violation of plaintiffs' First Amendment rights to free speech and expression. The defendant township was alleged to be liable for its failure to instruct and supervise the police department, as well as for negligent hiring and retention.

The District Court entered summary judgment on all federal claims and dismissed the state claims without prejudice.

The Court concluded that the officers had reasonable cause to believe an offense had occurred and that there was no evidence to support claims for negligent training by the township.

Plaintiffs have appealed questioning whether the undisputed facts established that it was objectively reasonable for the officers to conclude they had probable cause. Moreover, plaintiffs contend that there is an issue of material fact as to whether the township was deliberately indifferent in training its officers. Plaintiffs have not appealed the order dismissing their First Amendment claims.

We have carefully reviewed the record and conclude that the District Court did not err. The testimony of disinterested witnesses established a basis for the officers to fear that plaintiffs were threatening Judge Trabosh. There was no evidentiary support for the claims of indifference on the part of the township.

Accordingly, the judgment of the District Court will be affirmed.